UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 14-9575-GW(PJWx)** | Date | February 9, 2015 |

| | |
|---|---|
| Title | *Charles W. Halper, et al. v. Allstate Life Insurance Company, et al.*   Page 1 of 4 |

Present: The Honorable   **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: (IN CHAMBERS) – RULING ON MOTION TO REMAND [14]**

On January 7, 2015, Charles W. Halper and Edith L. Halper ("Plaintiffs"), husband and wife, *see* Complaint ¶ 1, moved to remand this action to Los Angeles County Superior Court, arguing that Allstate Life Insurance Company ("Allstate") and Lincoln Benefit Life Company ("Lincoln" and, together with Allstate, "Defendants") did not timely remove the case to federal court.

Defendants removed the case to this Court on December 15, 2014. Plaintiffs contend that Defendants knew that more than the 28 U.S.C. §1332(a) minimum amount-in-controversy (in excess of $75,000) was at issue in this case because Plaintiffs' Complaint sought in excess of the minimum state jurisdictional amount – $25,000 – on each of three categories of damages,[1] and because Defendants' own discovery responses revealed that they were aware that the amount exceeded the minimum amount in controversy more than one month before they removed the action.[2]

"The first thirty-day removal period [under 28 U.S.C. § 1446(b)] is triggered 'if the case stated by the initial pleading is removable on its face.'" *Harris v. Bankers Life & Cas. Co.*, 425

---

[1] Plaintiffs assert, and Defendants do not contest, that Plaintiffs served the Complaint on Defendants on August 7, 2014. In any event, Defendants filed their collective Answer on September 8, 2014.

[2] Defendants raise no argument that time for removal did not commence in this action because of lack of information concerning the citizenship of the parties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 14-9575-GW(PJWx)** | Date | February 9, 2015 |
| Title | *Charles W. Halper, et al. v. Allstate Life Insurance Company, et al.* | Page | 2 of 4 |

F.3d 689, 694 (9th Cir. 2005). The Court agrees with Plaintiffs that the original Complaint put Defendants on notice that the amount in controversy exceeded this Court's jurisdictional minimum, meaning that Defendants had to remove within 30 days of service of the Complaint pursuant to 28 U.S.C. § 1446(b)(1). Indeed, as Plaintiffs' argue, with only minimal math performed, paragraphs 18, 25 and 27 alone show that they alleged damages of more than $75,000. *See Kuxhausen v. BMW Fin'l Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) ("[D]efendants need not make extrapolations or engage in guesswork; yet the statute 'requires a defendant to apply a reasonable amount of intelligence in ascertaining removability.' Multiplying figures clearly stated in a complaint is an aspect of that duty.") (omitting internal citations). Those paragraphs alleged that Plaintiffs had "been damaged in an amount exceeding this court's minimum jurisdictional limits" due to Defendants' breach "of their obligations under the [life insurance] policy" at issue, *see* Complaint ¶ 18; that, due to Defendants' breach of the implied covenant of good faith and fair dealing, they had "suffered extreme emotional and mental distress and anguish, embarrassment, humiliation, and indignity, all to [their] general damages in a sum in excess of the minimum jurisdiction of this court," *see id.* ¶ 25; and that they were entitled to punitive damages "in an additional sum in excess of the minimum jurisdiction of this court," *see id.* ¶ 27. Plaintiffs also sought attorney's fees on top of those amounts. *See id.* at 6:25-26.[3]

Defendants argue that the "minimum jurisdiction" of the state court – and, consequently, the "minimum jurisdiction" multiplied by three, given paragraphs 18, 25 and 27 – was unclear from Plaintiffs' Complaint because Plaintiffs had not indicated whether they were invoking the state court's *limited* or *unlimited* jurisdiction. Instead, Defendants characterize Plaintiffs' case as

---

[3] Plaintiffs argue that the fact that there are two plaintiffs does not matter because of California's community property law, citing *In re McIntyre*, 222 F.3d 655, 658 (9th Cir. 2000). Defendants do not take issue with that assertion and, in fact, offer no reason why any form of aggregation of damages in this case would not be proper.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 14-9575-GW(PJWx)** | Date | February 9, 2015 |
| Title | *Charles W. Halper, et al. v. Allstate Life Insurance Company, et al.* | Page | 3 of 4 |

one which, when originally filed, sought "unspecified damage amounts." Docket No. 21, at 2:2-6. They then characterize what the Complaint seeks as "only...the cost to replace the policy (amount unstated, but certainly less than the $50,000.00 face value of the lapsed policy) and alleged damages in excess of the **state** court jurisdictional requirement." *Id.* at 2:18-20 (emphasis in original).

Defendants' *characterization* of what the Complaint sought is unnecessary. The Complaint clearly sought three separate amounts in excess of the jurisdictional minimum. The only proper question is "What is the jurisdictional minimum?" As Plaintiffs correctly observe, if a California state court plaintiff wishes to invoke "limited" jurisdiction (which means that the amount in controversy does *not* exceed $25,000, *see* Cal. Code Civ. Proc. §§ 85(a), 86(a)), he, she or it is required to state, in the caption, "that the case is a limited civil case." Cal. Code Civ. Proc. § 422.30(b). Plaintiffs' Complaint contained no such notation.[4] As a result, it was to be treated and understood as invoking the courts' "unlimited" jurisdiction, *see* Cal. Code Civ. Proc. § 88, meaning that the amount in controversy was in excess of $25,000. If Plaintiffs were seeking amounts in excess of $25,000 for each of three different injuries, the amount in controversy was clearly in excess of $75,000 even putting aside the Complaint's request for attorney's fees. *See Haase v. Aerodynamics Inc.*, No. 2:09-cv-01751-MCE-GGH, 2009 U.S. Dist. LEXIS 96563, *10-11 (E.D. Cal. Oct. 19, 2009) (calculating damages at issue of "in excess of $25,000 for each cause of action" where plaintiff pled a prayer for relief for each cause of action, specifically "general damages in excess of the jurisdictional limits of the Superior Court" for each cause of action).

Because Defendants did not remove the case within 30 days of service of Plaintiffs'

---

[4] Where the case is a "limited" civil case, the Complaint must also state either "Amount demanded exceeds $10,000," or "Amount demanded does not exceed $10,000." *See* Cal. Gov't Code § 70613(b); Cal. R. Ct. 2.111(9); *see also* Weil & Brown, California Practice Guide: Civil Procedure Before Trial (2011) § 6:34.5, at 6-8 – 6-9. Plaintiffs' Complaint did not contain either recitation.

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk JG |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 14-9575-GW(PJWx)** | Date | February 9, 2015 |
| Title | *Charles W. Halper, et al. v. Allstate Life Insurance Company, et al.* | Page | 4 of 4 |

original Complaint, their later removal was untimely. *See* 28 U.S.C. § 1446(b)(1); *see also* Schwarzer, Tashima, et al., California Practice Guide: Federal Civil Procedure Before Trial (2013) § 2:3690, at 2D-230 ("A motion for remand…lies to challenge procedural defects; e.g., tardy filing of the removal notice…."). There is no need for the Court to consider or resolve any of the parties' other arguments on this motion.[5]

      For the above stated reasons, the Court finds that the present motion can be resolved without the need for oral argument as per Local Rule 7-15. The Court remands the case to Los Angeles County Superior Court, forthwith.

---

[5] This includes the parties' arguments concerning: a) whether or not Allstate's discovery response on October 27, 2014, started the *second* 30-day removal clock running under 28 U.S.C. § 1446(b)(3) and b) whether or not Plaintiffs' Civil Cover Sheet could (or *needed* to) be consulted in attempting to discern the presence of this Court's jurisdictional minimum.